DEPARTMENT OF TREASURY *v.* SPINDLER COMPANY, INC.

[No. 27,931. Filed November 22, 1943. Rehearing denied December 20, 1943.]

*James A. Emmert,* Attorney General, *John J. Mc-Shane* and *Winslow Van Horne,* Deputy Attorneys General, for appellant.

*Loring & Douglas,* of Valparaiso, for appellee.

FANSLER, C. J.—The appellee brought this action to recover gross income taxes paid on commissions it had received for acting as agent or consignee of Sears, Roebuck and Co. in the sale of merchandise at retail. There was judgment for the appellee in the court below after special findings of facts and conclusions of law. There is no controversy about the facts. The questions presented arise upon the conclusions of law.

During all of the time involved the appellee owned and operated certain stores in this state for the sale of merchandise at retail. Practically all of the merchandise handled and sold in these stores was the property of Sears, Roebuck and Co., delivered to the appel-

lee for sale under a written contract. The contract recites that the merchandise is delivered "on consignment, for sale . . . in the name, and on the account of Sears"; that the property shall remain the property of Sears, Roebuck and Co. until sold, and that upon sale the purchase price received shall be deposited daily in bank to the account of Sears, Roebuck and Co., and shall be the property of Sears, Roebuck and Co.; that "Spindler's only relationship with Sears is that of Sears' selling agent for the merchandise to be consigned hereunder." It is provided that merchandise shall be sold only on the terms and at prices specified by Sears, Roebuck and Co., and that in all advertising the appellee "shall be described as the selling agent of Sears." It is provided that "Sears will pay to Spindler a commission equivalent to seventeen per cent (17%) of the sales made," and bonuses in certain contingencies.

During the fourth quarter of 1937, all the years 1938 and 1939, and the first three quarters of the year 1940, the appellee paid gross income tax upon the commissions received under its contract, and Sears, Roebuck and Co. paid gross income tax upon the gross receipts from the sale of merchandise by its agent, the appellee. The evidence discloses that the appellee reimbursed Sears, Roebuck and Co. for the amount of gross income tax paid by the latter "through a reduction in net profits." There is a provision in the contract that the appellee will pay "all license fees, liens and taxes assessed under present laws." But we are not here concerned with the liability of the appellee to reimburse Sears, Roebuck and Co. for its gross income taxes. There are many provisions in the lengthy contract concerning various items of expense which cannot affect the question here presented.

It is the appellee's contention that because of a pro-

vision in the lengthy subdivision (m) of § 1 of the act of 1937 (Acts 1937, ch. 117, p. 604, § 64-2601, Burns' 1933 (Supp.), § 15981, Baldwin's Supp. 1937), which defines "gross income," to the effect that "in case of consignment sales 'gross income' shall include the gross receipts from the sale of goods sold on consignment and the tax shall be paid thereon by the consignee . . . ," it is exempt from the payment of gross income tax upon its own income, consisting of sales' commissions earned, because it has reimbursed Sears, Roebuck and Co. for the gross income tax paid upon the gross receipts from the sale of the goods of Sears, Roebuck and Co. In other words, it contends that the provision must be construed as meaning that a consignee shall pay the tax upon the gross income resulting from the sale of its principal's goods, and shall be exempt from paying a tax upon its own income earned as agent in the sale of the goods. The trial court seems to have adopted this view.

Section 64-2602, Burns' 1933 (Supp.), § 15982, Baldwin's Supp. 1937 (Acts 1937, ch. 117, § 2, p. 604), levies a tax "upon the receipt of the entire gross income of all persons resident and/or domiciled in the state of Indiana . . . and upon the receipt of gross income derived from activities or businesses or any other source within the state of Indiana, of all persons who are not residents of the state of Indiana . . ." Section 64-2608, Burns' 1933 (Supp.), § 15988, Baldwin's Supp. 1937 (Acts 1937, ch. 117, § 8, p. 604), provides that fiduciaries shall make returns and pay the taxes due from their trusts. Expressly mentioned are executors, administrators, or other fiduciaries managing estates, guardians, trustees of trusts created by will, contract or otherwise, receivers, trustees in bankruptcy, or as-

signees, and court commissioners who sell property. There is no suggestion that such taxes are to be paid by the fiduciaries out of their own funds, nor that, because of having paid the tax out of the funds ·of the principal, the commissions or compensations of the fiduciaries shall be exempt from tax.

If a clerk or salesman in a store operated by Sears, Roebuck and Co., in its own name, is compensated by commissions on his sales, he is liable to pay a tax upon his income thus derived. An examination of the entire law discloses nothing that would support the view that the Legislature intended that agents receiving income based upon sales' commissions should be exempt from taxation ,when the goods are consigned to them, and liable for the tax when it is not, or that an agent to whom goods are consigned shall be personally liable for the tax upon the gross sum received from the sale of the goods, while a selling agent to whom goods are not consigned should not be liable. It is difficult to conceive of a sound reason for such discrimination. It seems far more reasonable to construe the provision of the statute as intended to provide a convenient means of insuring the collection of the tax upon income from the sale of goods at retail within the state by a nonresident. This same purpose is clearly discerned in the provisions for the payment of taxes by fiduciaries.

Whether, under the contract between the appellee and Sears, Roebuck and Co., the appellee was bound to reimburse Sears, Roebuck and Co. for its gross income taxes paid, or whether the tax might be deducted from commissions paid, is of no present concern.

The law is obviously designed to levy a tax upon all persons in each of the defined classes at an equal rate.

The appellee's contention would require that the language relied upon be construed to create an exception to this policy by exempting consignees from the burden of paying a tax upon their income derived from the services rendered, while all other sales agents are chargeable with the tax. It is much more reasonable to conclude that it was intended to charge the consignees with the responsibility of seeing that the tax is paid. This leaves no basis for the contention that consignees are not chargeable with the tax upon their income from sales' commissions. Such a construction is entirely consistent with the evident purpose to tax uniformly.

Judgment reversed, with instructions to restate the conclusions of law consistent with the views here expressed, and to enter judgment for the defendant.

NOTE.—Reported in 51 N. E. (2d) 363.