**INDIANA DEPARTMENT OF REVENUE, Defendant-Appellant,**

v.

**AMERICAN UNDERWRITERS, INC., Plaintiff-Appellee.**

**No. 2–680A191A.**

Court of Appeals of Indiana, First District.

Feb. 23, 1982.

Theodore L. Sendak, Linley E. Pearson, Attys. Gen., Ted J. Holaday, Russell T. Clarke, Jr., Deputy Attys. Gen., Indianapolis, for defendant-appellant.

Robert E. Johnson, Paul F. Lindemann, Krieg, Devault, Alexander & Capehart, Indianapolis, for plaintiff-appellee.

ON PETITION FOR REHEARING

NEAL, Judge.

Both the Department and A–U filed petitions for rehearing. While no new issues

have been presented on the petitions for rehearing, additional authority bearing upon the petition of A–U has come to our attention. That authority is *Department of Treasury v. Spindler Company*, (1943) 222 Ind. 53, 51 N.E.2d 363.

In *Spindler*, Sears, Roebuck and Co. consigned goods to Spindler who marketed them in Sears' name, receiving therefor a commission of 17 percent of the sales. Ind. Code 6–2–1–1(m) (then Acts 1937, ch. 117, § 64–2601, Burns' 1933 (Supp.)) contains the following language in its definition of gross income:

> "[I]n case of consignment sales 'gross income' shall include the gross receipts from the sale of goods sold on consignment and the tax shall be paid thereon by the consignee [.]"

Spindler contended that the provision must be construed as meaning that the consignee shall pay the tax upon gross income resulting from the sale of its principal's goods, and shall be exempt from paying a tax upon its own income earned as agent in the sale of the goods.

The court, noting first that under Ind. Code 6–2–1–13 (then Acts 1933, ch. 50, § 64–2608, Burns' 1933 (Supp.)) fiduciaries must file tax returns for gross income received from business activities of their principal, stated:

> "There is no suggestion that such taxes are to be paid by the fiduciaries out of their own funds, nor that, because of having paid the tax out of the funds of the principal, the commissions or compensations of the fiduciaries shall be exempt from tax.
>
> If a clerk or salesman in a store operated by Sears, Roebuck and Co., in its own name, is compensated by commissions on his sales, he is liable to pay a tax upon his income thus derived. An examination of the entire law discloses nothing that would support the view that the Legislature intended that agents receiving income based upon sales' commissions should be exempt from taxation when the goods are consigned to them, and liable for the tax when it is not, or that an agent to whom goods are consigned shall be personally liable for the tax upon the gross sum received from the sale of the goods, while a selling agent to whom goods are not consigned should not be liable. It is difficult to conceive of a sound reason for such discrimination. It seems far more reasonable to construe the provision of the statute as intended to provide a convenient means of insuring the collection of the tax upon income from the sale of goods at retail within the state by a nonresident. This same purpose is clearly discerned in the provisions for the payment of taxes by fiduciaries.
>
> \*   \*   \*   \*   \*   \*
>
> The law is obviously designed to levy a tax upon all persons in each of the defined classes at an equal rate. The appellee's contention would require that the language relied upon be construed to create an exception to this policy by exempting consignees from the burden of paying a tax upon their income derived from the services rendered, while all other sales agents are chargeable with the tax. It is much more reasonable to conclude that it was intended to charge the consignees with the responsibility of seeing that the tax is paid. This leaves no basis for the contention that consignees are not chargeable with the tax upon their income from sales' commissions. Such a construction is entirely consistent with the evident purpose to tax uniformly."

222 Ind. at 57–58, 51 N.E.2d 363.

Certain similarities exist between *Spindler* and the case at bar. The disputed taxable income in both cases are commissions for services. In *Spindler*, a sales commission was involved, and here a management fee is involved. *Spindler* relied upon Ind.Code 6–2–1–1(m), which made the consignee and sales agent responsible for the tax, as a vehicle for exemption of taxes on sales commission. In the instant case, A–U relied upon Ind.Code 27–6–6–12, which requires the attorney-in-fact to pay taxes "on account of the transaction of such business...", to exempt it from paying tax on

its management commission. Here, as in *Spindler*, there is no suggestion that A–U paid, or was required to pay, the tax on the Exchange's transactions out of its own funds. Likewise, there is no suggestion that such payment of tax out of the funds of the Exchange for its insurance transactions works as an exemption to A–U for payment of tax on its 15 percent commission. Further, we construe Ind.Code 27–6–6–12 as intending to provide a convenient means of collecting the tax, as in *Spindler*.

We have found nothing in the gross income tax statutes or the cases which exempt any agent from the payment of tax on his commissions earned in a representative capacity. This is a suit to recover tax paid on such a commission, not the activities of the Exchange itself. The Exchange's tax was paid from the premiums paid by subscribers, and to accede to A–U's argument would permit A–U to operate tax free. We are of the opinion that such was not the intent of the legislature.

Both petitions for rehearing are now denied.

RATLIFF, P. J., YOUNG, J. (participating by designation), concur.